**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

UNITED STATES OF AMERICA,

v.

CHARLES MCCREARY,

Defendant.

CASE NO. 1:17-CR-5-HAB-ALT

## OPINION AND ORDER

Defendant Charles McCreary filed a motion styled as a "Motion for '3582'and Petition for Commutation of Sentence" and a request to appoint counsel. (ECF Nos. 100, 103). McCreary is currently serving a sentence for illegal possession of a firearm by a felon, 18 U.S.C. § 922(g)(1), which had a minimum 15-year prison sentence because he was found to have three past convictions for violent felonies committed on different occasions, 18 U.S.C. § 924(e)(1). In his filing, McCreary asks the Court to vacate his sentence based on the United States Supreme Court's decision in *Erlinger v. United States*, 602 U.S. 821 (2024). More recently, McCreary filed a "Motion to Amend '3582' Motion" in which he notes he has been transferred to a new BOP facility and asks to present an additional ground for relief. (ECF No. 111).

Although he has nominally styled his motion as one for sentence reduction or modification under 18 U.S.C. § 3582, McCreary's constitutional claim and its requested relief are only available to him as a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255

¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. . . . It is the substance that controls.").

As the Government points out in its response, McCreary has previously filed a § 2255 Motion to Vacate (ECF No. 88), which this Court denied on February 11, 2021 (ECF No. 89). Thus, any new petition under 28 U.S.C. § 2255 would be a second or successive § 2255 petition. Only the Court of Appeals is vested with the authority to allow the filing of a second or successive 2255 petition. Rule 9 of the Rules Governing Section 2255 Proceedings plainly states: "before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. 2255, para. 8." Having already pursued (unsuccessfully) one § 2255 petition in this Court, McCreary must get authorization for a second or successive § 2255 petition from the Court of Appeals for the Seventh Circuit before he may file such a petition here.

Moreover, there is no constitutional right to the appointment of counsel in a § 2255 proceeding. *See Pennsylvania v. Finley,* 481 U.S. 551, 555 (1987). In § 2255 actions, appointment of counsel is governed by the Rules Governing § 2255 Proceedings, Rules 6(a) and 8(c), which mandate the appointment of counsel where discovery is necessary or if the matter proceeds to an evidentiary hearing. Given that McCreary has no § 2255 proceedings pending, no counsel can be appointed.

As to his more recent "Motion to Amend" (ECF No. 111), McCreary asserts a new ground that appears, in substance, to be a request for compassionate release. Because the Court is construing his original "3582" motion as a successive motion to vacate under § 2255, for which he needs special dispensation from the Seventh Circuit, his "Motion to Amend" to add a compassionate release ground is denied without prejudice. To the extent McCreary believes he has

2

extraordinary and compelling grounds for relief under the compassionate release statute, he may, after exhausting his administrative remedies at his current institution, file a new motion for compassionate release setting forth only the grounds for relief under 18 U.S.C. § 3582(c)(1)(A).

Accordingly, McCreary's "Motion for '3582' and Petition for Commutation of Sentence" (ECF No. 100) is STRICKEN, McCreary's Motion to Appoint Counsel (ECF No. 103) is DENIED, and McCreary's "Motion to Amend" (ECF No. 111) is DENIED WITHOUT PREJUDICE.

**SO ORDERED** on July 1, 2026.

s/Holly A. Brady

CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT

3